UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 AUG -4 PM 1:23

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| ESTATE OF EVA PUPPOLO<br>by CELESTE PUPPOLO, Executor<br>and CELESTE PUPPOLO, Individually,<br>    Plaintiffs.<br><br>v.<br><br>R. PETER DECATO, ESQ. and DECATO<br>LAW OFFICE P.C. and EACH<br>EMPLOYEE OR OFFICER OF<br>DECATO LAW OFFICE OR SURETY<br>OR ANY UNKNOWN PARTY OR<br>PERSONS WHO CAUSED HARM TO<br>PLAINTIFSS,<br>    Defendants. | Case No. 2:24-cv-01238 |

**ORDER ON DEFENDANTS' MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**
(Doc. 21)

Plaintiffs Estate of Eva Puppolo by Celeste Puppolo, Executor and Celeste Puppolo, Individually ("Plaintiffs" herein) bring this action against Defendants R. Peter Decato, Esq., Decato Law Office, P.C., and Each Employee or Officer of Decato Law Office ("Defendants" herein), alleging fraud and breach of contract. Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b). Defendants assert the complaint filed by Plaintiffs fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2).

Alternatively, Defendants move for a more definite statement of the complaint pursuant to Fed. R. Civ. P. 12(e). (Doc. 21.) Specifically, Defendants ask the court to require Plaintiffs to amend their complaint to reduce the repetitious and unnecessary abundance of detail regarding previous medical and legal malpractice claims, identify the allegedly improper actions or inactions of Defendants, and describe how those actions allegedly caused harm to Plaintiffs. (*Id.* at 4–5.)

Plaintiffs responded to the motion on July 7, 2025, stating the complex nature of the claims required lengthy discussion. (Doc. 22.) Defendants filed a reply on July 24, 2025. (Doc. 23.)

> Federal Rule of Civil Procedure 41(b) states:
>
> If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Here, Defendants argue Plaintiffs failed to comply with Federal Rule of Civil Procedure 8. This rule requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is to provide fair and proper notice of the claim to the adverse party, such that the adverse party is equipped to respond to it. The Second Circuit has articulated that:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)) (additional citations omitted).

Pursuant to Fed. R. Civ. P. 8(b), Defendants are required to "state in short and plain terms its defenses to each claim asserted against it [and] . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A)–(B). Should Defendants fail to deny an allegation which requires a responsive pleading, that allegation is deemed admitted. Fed. R. Civ. P. 8(b)(6).

When a complaint fails to comply with Rule 8, district courts have the power to dismiss the complaint, strike such parts as redundant or immaterial, or order a party to amend the complaint to comply with the rule. *Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir. 1995). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. The Second Circuit has instructed district courts to provide the plaintiff the opportunity to amend a complaint that fails to comply with Rule 8, especially when the claims are nonfrivolous. *Id.*

Dismissal is not appropriate in this case. Although it is difficult to comprehend the precise allegations against Defendants, the court cannot find, at this stage, that Plaintiffs' claims are frivolous. The court, however, does find a sufficient basis to require Plaintiffs to provide a more definite statement regarding their claims.

Federal Rule of Civil Procedure 12(e) provides that:

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). "The decision to order a more definite statement lies within the Court's discretion, and if a complaint is overly prolix or complex, a more definite statement may assist the court in the cumbersome task of sifting through [a] myriad [of] claims." *In re WonderWork, Inc.*, 626 B.R. 94, 135 (Bankr. S.D.N.Y. 2020) (internal quotation marks and citation omitted).

Plaintiffs appear to pursue claims against Defendants for various alleged actions and inactions during their representation of Plaintiffs in a prior legal malpractice action against Plaintiffs' former counsel, John Welch, and in Vermont Probate Court. (Doc. 1.) The complaint

3

is seventy-five pages long and includes approximately 235 paragraphs. (*Id.*) Plaintiffs' stated claims are fraud and breach of contract. In particular, the fraud claim appears to allege Defendants failed to take certain actions promised to Plaintiffs in the prosecution of Plaintiffs' legal malpractice claim against Plaintiffs' former counsel, John Welch. (*Id.* ¶¶ 8–10, 12–14, 16, 20–23, 27.)

The complaint is ambiguous, confusing, and redundant. At numerous points, Plaintiffs refer to alleged frauds committed by previous legal counsel and draw comparisons to Defendants' conduct, making it difficult to assess which facts go towards Defendants' alleged fraud and which facts pertain to the previous fraud allegedly perpetrated by Plaintiffs' previous legal counsel. An example of this type of confusing pleading comes from paragraph seventeen of Plaintiffs' complaint:

> The above-cited monetary bribe by Mr. Decato was an act straight from the playbook of Mr. Welch who, in his tenure preceding Mr. Decato, clandestinely arranged to pay $7,223.10 of the Estate's funds, held exclusively in escrow trust to compensate the Estate's premier medical expert for his trial testimony, to Christopher Dodig, Esq., defendant, in an exchange for Mr. Dodig's conceding to legal malpractice at trial.

(*Id.* ¶ 17.) Additionally, there are numerous points in which Plaintiffs make legal arguments. An example of this can be found in paragraph forty-nine of Plaintiffs' complaint:

> This Court was compelled to grant summary judgment by the intricacy of the fraud, the cleverness of the fraud, and the Law that required the Court to rule according to facts as they appeared, no matter how deceptive; "facts" purported by opposing counsel that were intentionally left undisputed by Mr. Decato, *infra*. There can be no judgmental immunity without an honest exercise of professional judgment. (*Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir., 1980); *Roberts v. Chimileski*, 820 A. 2d 995, 2003 VT 10 - Vt: Supreme Court, 2003; *Biomet, Inc. v. Finnegan Henderson*, 967 A. 2d 662 - DC: Court of Appeals, 2009) [sic].

(*Id.* ¶ 49.) Furthermore, the complaint also contained improper commentary rather than focusing on the allegations. An example of this comes from paragraph forty-five of Plaintiffs' complaint:

4

> The revealed and discovered unlawful acts of Mr. Decato and Mr. Welch, characterized on the court record, simply could not have occurred without a callous disregard for the most basic rights of an elderly patient, once at the center of litigation associated with this matter. Cover-up of utterly barbaric acts by Crecent Manor and its medical staff, effectively furthered by one retained attorney after the next, amounts to corruption of the medical system, and spread overall to the legal system. Mr. Decato's dishonest actions only enhanced prior subversion in this case. He acted against the interests of human justice by lying to the courts, as did his predecessor, Mr. Welch. Massive corruption in this case, howsoever accomplished as detailed, *infra*, resulted in subversion of the Vermont court system.

(*Id.* ¶ 45.) These three paragraphs are merely examples of similar paragraphs found throughout the complaint.

The purpose behind Rule 8(a)(2) is to provide fair and proper notice of the claim to the adverse party, such that the adverse party is equipped to respond to it. If the court were to accept Plaintiffs' complaint as is, Defendants would have to accept the risk of accidentally failing to address an allegation, and as a result, the fact may end up being admitted when it was not Defendants intention to do so. This type of risk is unfair to Defendants and places an unjustified burden on both Defendants and the court in ascertaining the relevant factual allegations from the "mass of verbiage." *Salahuddin*, 861 F.2d at 42 (citation omitted).

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss is DENIED. Defendants' Motion for a More Definite statement is GRANTED. Plaintiffs are directed to file an amended complaint that clearly identifies each claim, the factual basis and allegations for each claim, and the specific authority supporting each claim within fourteen days of this Order. Fed. R. Civ. P. 12(e).

Dated at Rutland, in the District of Vermont, this 4th day of August 2025.

Mary Kay Lanthier
United States District Court Judge

5